IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DARRELL SUMLIN, #127092, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:14-CV-640-WKW |
| ) | [WO] |
| DYJERLYNN LAMPLEY- ) | |
| COPELAND, ) | |
| ) | |
| Defendant. ) | |

**<u>ORDER</u>**

In this action for damages under 42 U.S.C. § 1983, Plaintiff Darrell Sumlin (a state inmate) alleges that Defendant Dr. DyJerlynn Lampley-Copeland[1] failed to provide him timely and adequate medical care in violation of his Eighth Amendment rights. On July 20, 2017, the Magistrate Judge filed a Recommendation (Doc. # 29) that Defendant's motion for summary judgment (Docs. # 11, 24) be granted. Plaintiff timely objected to the Recommendation. (Doc. # 32.) Upon an independent and *de novo* review of the record and the Recommendation, Plaintiff's objections

---

[1] This is the spelling used by Defendant in the text of her filings. The captions in the filings in this case all appear to misspell Defendant's name, instead spelling her name "Dr. Dejerlyn Copeland." The court *sua sponte* AMENDS the caption to reflect Defendant's correct name. The parties are DIRECTED to use the new caption as it appears on this Order for all future submissions to the court, and the Clerk is DIRECTED to change the caption accordingly.

are due to be overruled, and the Magistrate Judge's Recommendation is due to be adopted.

Plaintiff objects to the Recommendation on two grounds. First, Plaintiff objects to the Recommendation's finding that there is no dispute as to any material fact. In support of this objection, Plaintiff argues that the evidence he has submitted is sufficient to create such a dispute; alternatively, or perhaps additionally, he argues that he should be allowed discovery so that he may obtain more evidence. (Doc. # 32, at 1.) Second, Plaintiff objects to the Recommendation's finding that Defendant's actions did not constitute deliberate indifference. (Doc. # 32, at 1–2.) Neither ground has merit.

On the first ground, the Recommendation correctly found that the evidence submitted by Plaintiff is insufficient to create a dispute as to any material fact in the face of the evidence produced by Defendant. Plaintiff reminds the court that he "has submitted his affidavit, sworn statement, sworn oppositions to Defendant [sic] written report, Defendant [sic] answers and Defendants [sic] Affidavit." (Doc. # 32, at 1.) But as the Recommendation noted, these "self-serving statements of a lack of due care and delay of necessary medical treatment do not create a question of fact in the face of contradictory, contemporaneously created medical records." (Doc. # 29, at 11 (citing *Whitehead v. Burnside*, 403 F. App'x 401, 403 (11th Cir. 2010) (per curiam)).) Consequently, this argument is unavailing.

Plaintiff's argument for further discovery is similarly unavailing because Plaintiff has failed to demonstrate how the discovery he seeks would create any genuine issues of material fact. Plaintiff asserts in his objection that he "has put together all the evidence that he could put his hands on without being able to go to 'discovery'" and asks that he be allowed "to get more evidence to show there is a genuine dispute as to all material fact." (Doc. # 32, at 1.) This appears to be Plaintiff's first request for discovery, but Plaintiff has not given any indication of what evidence he hopes to obtain in discovery or how such evidence would create a genuine dispute as to any material fact. Consequently, Plaintiff has failed to show why this court should refrain from granting summary judgment for Defendant absent further discovery. *See May v. Hetzel*, 630 F. App'x 994, 997 (11th Cir. 2015) (per curiam) ("[A] party seeking to compel discovery . . . cannot rely on 'vague assertions' that additional discovery will produce needed but unspecified facts; he must 'specifically demonstrate' how discovery will rebut the moving party's showing of the absence of a genuine issue of fact." (quoting *Reflectone, Inc., v. Farrand Optical Co.*, 862 F.2d 841, 843 (11th Cir. 1989) (per curiam)). Indeed, there is no apparent reason to think further discovery of any sort would allow Plaintiff's claim to survive Defendant's motion for summary judgment.

On the second ground, Plaintiff essentially reargues the issues addressed in the Recommendation. The Recommendation properly rejected those arguments, and

3

they have no more merit now than they did when they were presented to the Magistrate Judge.

To the extent that Plaintiff objects on any other grounds, those grounds are without merit and warrant no discussion.

Accordingly, it is ORDERED as follows:

1. The Magistrate Judge's Recommendation (Doc. # 29) is ADOPTED;

2. Plaintiff's objections (Doc. # 32) are OVERRULED;

3. Defendant's Motion for Summary Judgment (Docs. # 11, 24) is GRANTED;

A final judgment will be entered separately.

DONE this 12th day of September, 2017.

                                      /s/ W. Keith Watkins
                            CHIEF UNITED STATES DISTRICT JUDGE